UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA MAGALLANES-CASTRO, | No. 2:15-cv-1734 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is an immigration detainee housed in the Yolo County Detention Center, and is proceeding without counsel. Plaintiff seeks relief pursuant to the Federal Tort Claims Act ("FTCA"), and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $400.00.[1] See 28

---

[1] In addition to the $350.00 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.00. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed in forma pauperis. Id.

U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).  See Rodriguez v. Gook, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]."  Agyeman v. INS, 296 F.3d 871, 886 (9th Cir. 2002).  As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).  Under this definition, "an alien detained by the INS pending deportation is not a 'prisoner' within the meaning of the PLRA," because deportation proceedings are civil, rather than criminal in nature, and an alien detained pending deportation has not necessarily been "accused of, convicted of, sentenced or adjudicated delinquent for, a violation of criminal law."  Agyeman, 296 F.3d at 886.  Thus, because plaintiff claims to be an immigration detainee, and not a "prisoner" as defined by 28 U.S.C. § 1915(h), the filing fee provisions of 28 U.S.C. § 1915(b) do not apply.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

II.  Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may

////

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

III. Plaintiff's Allegations

Plaintiff alleges that on September 18, 2013, a Homeland Security bus was transferring United States detainees from immigration court in San Francisco to Sacramento ICE detention. Plaintiff contends that Officer Griffit was driving with one hand on the wheel, and the bus crashed on Highway 80. Plaintiff alleges that the CHP came to the scene but did not board the bus to see if detainees were okay. Plaintiff contends she suffers from PTSD and depression, and that the accident triggered her PTSD. Plaintiff alleges that the driver was negligent and engaged in wrongful conduct. Plaintiff names Officer Griffit, Homeland Security, G4S Security, and ICE as defendants.

IV. Analysis

The FTCA, 28 U.S.C. §§ 1346(b), waives the sovereign immunity of the United States for certain torts committed by federal employees. FDIC v. Meyer, 510 U.S. 471 (1994). The FTCA provides that district courts have exclusive jurisdiction of civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b). The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674.

The United States is the only proper defendant in a suit brought pursuant to the FTCA. FDIC v. Craft, 157 F.3d 697, 706 (9th Cir. 1998); Kennedy v. U.S. Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998). "A claim against [a federal agency] in its own name is not a claim against the United States." Kennedy, 145 F.3d at 1078. An agency is not a proper defendant under the FTCA. Craft, 157 F.3d at 706 (citing Shelton v. U.S. Customs Serv., 565 F.2d 1140, 1141 (9th Cir. 1977)).

Under the Federal Tort Claims Act a claim must be filed with the appropriate federal agency within two years of its accrual and suit must be commenced within six months of the agency's denial of the claim. 28 U.S.C. § 2401(b). This administrative exhaustion requirement is

1  mandatory and jurisdictional.  McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA
2  bars claimants from bringing suit in federal court until they have exhausted their administrative
3  remedies.").  Exhaustion must be affirmatively alleged in the complaint.  Bettis v. Blackstone,
4  2009 WL 2971364, *2 n.2 (E.D. Cal. Sept. 11, 2009).

5      Plaintiff bears the burden of establishing jurisdiction under the FTCA.  Industrial
6  Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).  This court lacks jurisdiction
7  over such claims unless plaintiff specifically alleges compliance with the FTCA's administrative
8  exhaustion requirement.  Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely
9  filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the
10 FTCA, and, as such, should be affirmatively alleged in the complaint.")  A district court may
11 dismiss a complaint for failure to allege this jurisdictional prerequisite.  Gillespie, 629 F.2d at
12 640.

13     Plaintiff's complaint contains no information concerning the filing of a tort claim, and
14 provides no other information concerning her efforts to exhaust her administrative remedy.  She
15 fails to allege sufficient facts to enable the court to determine whether she has properly exhausted
16 her administrative remedies.  If plaintiff did file a claim with the appropriate agency, she must
17 explain where, when, how, and with what agency her claim was filed, and when and how the
18 agency responded to the claim.  Therefore, this court cannot determine whether a proper and
19 timely claim was filed with the proper agency, or whether this suit was initiated within six months
20 of the agency's denial.

21     In order to pursue a claim under the FTCA, plaintiff must allege facts demonstrating that
22 she (1) presented the claim to the appropriate federal agency "within two years after such claim
23 accrues" and that (2) plaintiff's complaint was commenced within six months of the agency's
24 denial[2] of the claim.  28 U.S.C. § 2401(b).
25 ////
26 ////
27
28 [2] The agency denial requirement is satisfied when the claim is actually denied or six months have passed without a final resolution having been made.  28 U.S.C. § 2675(a).

Thus, the complaint fails to state a claim upon which relief may be granted, and must be dismissed. The court will, however, grant leave to file an amended complaint. If plaintiff chooses to amend the complaint, she is advised of the following.

The United States is not liable under the FTCA for constitutional tort claims. Meyer, 510 U.S. 471, 478 (1994); Cato v. United States, 70 F.3d 1103, 1111 (9th Cir. 1995). The FTCA authorizes tort actions against the United States if the United States, as a private person, would be liable to plaintiff under California tort law. United States v. Olson, 546 U.S. 43 (2005); Delta Savings Bank v. United States, 265 F.3d 1017, 1025 (9th Cir. 2001). Any duty owed to plaintiff by the United States "must be found in California state tort law." Delta Saving Bank, 265 F.3d at 1025.

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

1  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
2  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must
3  also bear the docket number assigned to this case and must be labeled "Amended Complaint."
4  Failure to file an amended complaint in accordance with this order may result in the dismissal of
5  this action.
6  Dated:  September 22, 2015

/maga1734.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA MAGALLANES-CASTRO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>　　　　Defendants. | No.  2:15-cv-1734 KJN P<br><br><br>NOTICE OF AMENDMENT |

　　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　　_____　　　　Amended Complaint
DATED:

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff